**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00077-MR-DLH**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **CHARLES WILLIAM MEMSEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Amended Motion for Leave to File Motion to Suppress [Doc. 24].

## I.     PROCEDURAL BACKGROUND

On June 6, 2017, the Defendant was charged in a Bill of Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for possessing stolen firearms and ammunition in violation of 18 U.S.C. § 922(j).  The Defendant made his initial appearance on July 26, 2017, at which time Assistant Federal Defender Emily Jones was appointed to represent the Defendant.  The Defendant's arraignment was held on July 28, 2017, at which time the Honorable Magistrate Judge Dennis Howell entered a Standard Arraignment Order, giving the parties 30 days to file

pretrial motions and setting this matter for trial during the September 5, 2017 trial term.

On August 18, 2017, this Court entered an Order upon motion of the Defendant continuing this matter to the November 6, 2017 trial term. [Doc. 11]. On August 8, 2017, Ms. Jones filed a motion to extend the deadline for filing pretrial motions. [Doc. 12]. On August 30, 2017, this Court granted the motion, extending the deadline for a period of 14 days, through and including September 11, 2017. [Doc. 13].

On October 6, 2017, current defense counsel Andrew Banzhoff filed his Notice of Appearance for the Defendant. [Doc. 14]. According to the Government, Mr. Banzhoff emailed the Assistant United States Attorney Christopher Hess on October 16, 2017 to request discovery, which was promptly supplied. On October 19, 2017, Mr. Banzhoff emailed again to acknowledge receipt of discovery and to request the Government's consent to a defense motion to continue. The Government did not object to the requested continuance. Defense counsel filed the motion [Doc. 15], and on October 23, 2017, this Court entered an Order continuing this matter to its present setting during the January 2018 trial term. [Doc. 18].

On December 11, 2017, Mr. Banzhoff filed a Motion to Suppress. [Doc. 19]. The motion was filed more than 90 days after the expiration of the

motions deadline and approximately fifteen business days prior to the scheduled docket call (a time period that included two federal holidays).

Judge Howell summarily denied the motion as untimely on December 12, 2017.  [Doc. 20].  The Defendant then filed a Motion for Leave to File a Motion to Suppress on December 14, 2017.  [Doc. 21].  Judge Howell denied that motion without prejudice on December 18, 2017 due to counsel's failure to consult with the Government as required by Local Criminal Rule 47.1(B). [Doc. 23].  The Defendant immediately filed the present Amended Motion for Leave to File Motion to Suppress, noting the Government's objection to the untimely filing.  [Doc. 24].  The Government filed a response in opposition to the Defendant's motion on December 21, 2017.  [Doc. 26].

## II.    DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure requires that motions to suppress must be filed prior to trial or by the deadline established by the Court.  See Fed. R. Crim. P. 12(b)(3)(C), 12(c).  "A defendant waives the right to file a suppression motion if he fails to file the motion prior to the time set by the district court, unless he can establish good cause for the waiver."  United States v. Lester, 311 F. App'x 660, 660 (4th Cir. 2009); Fed. R. Crim. P. 12(c)(3).  The Fourth Circuit has found "good cause" to allow an untimely motion to suppress "where, for instance, the delay in filing

the suppression motion was caused by the government's failure to turn over the evidence sought to be suppressed." United States v. Sweat, 573 F. App'x 292, 295 (4th Cir.), cert. denied, 135 S. Ct. 157 (2014) (citing United States v. Chavez, 902 F.2d 259, 263-64 (4th Cir. 1990)).

In his amended motion for leave, counsel admits that he received the discovery in this matter from the Government on or about October 19, 2017, but states that he was not "in a position to effectively review" such materials until mid-December due to other professional obligations. Counsel's busy schedule, however, does not constitute good cause for failing to seek an extension of the pretrial motions deadline at an earlier time. See Chavez, 902 F.2d at 263 (recognizing that courts of appeals generally deny relief from the denial of an untimely motion to suppress where such motion was filed after the court-imposed deadline and the defendant proffers only a "dubious excuse"). Having failed to demonstrate good cause for the failure to file a timely suppression motion, the Defendant's motion for leave must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion for Leave to File Motion to Suppress [Doc. 24] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 22, 2017

Martin Reidinger
United States District Judge