# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00104-MR
# [CRIMINAL CASE NO. 1:17-cr-00077-MR-1]

| | |
|---|---|
| CHARLES WILLIAM MEMSEN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 1].[1]

## I. BACKGROUND

The Petitioner Charles William Memsen pled guilty without the benefit of a plea agreement to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and one count of possession of a stolen firearm and ammunition, in violation of 18 U.S.C. § 922(j) (Count Two). [CR Docs. 1, 30].

---

[1] Because this Memorandum and Order must reference documents contained on the docket in both Petitioner's civil case and his criminal case, the Court will cite to documents from the Petitioner's civil case with the prefix "CV." The Court will cite to documents from the Petitioner's criminal case with the prefix "CR."

The probation office prepared a presentence report ("PSR") in advance of sentencing. In the PSR, the probation officer calculated a total offense level ("TOL") of 29; a total of eight criminal history points; and a criminal history category ("CHC") of IV. [CR Doc. 37: PSR at 7 ¶26; 11 ¶ 43; 18 ¶74]. In calculating the Petitioner's criminal history, the PSR noted in pertinent part that the Petitioner had pled guilty in Texas on August 7, 2008 to two offenses: "Theft" and "Unauthorized Use of a Motor Vehicle." [CR Doc. 37: PSR at 11 ¶ 40]. The report described the Petitioner as receiving "12 months imprisonment" for each offense. [Id.]. Two criminal history points were assigned for the combination of these two sentences, which the report noted that he had received on the same day. [Id.].

The Petitioner, through counsel, objected to the PSR's conclusions about his offense level, but not to the calculation of criminal history points or the CHC. [Id. at 21]. In a sentencing memorandum, the Petitioner's attorney argued for a downward variance sentence below the applicable Guideline range, placing emphasis on his "personal characteristics" and arguing that the Guidelines "over-emphasize[d] his criminal history." [CR Doc. 39: Sent. Memo. at 4].

At sentencing, the Court calculated an advisory Guidelines range of 121 to 151 months.[2]  [CR Doc. 44: SOR at 1].  The Court explained that a downward variance was warranted in the light of the Petitioner's "history and characteristics," particularly his family ties and responsibilities.  [Id. at 2].  The Court also explained that the Petitioner's prior violent crimes were "10 to 17 years old" and the Petitioner was "less of a current threat."  [Id.].  The Court sentenced the Petitioner to a term of imprisonment of 72 months.  [CR Doc. 43].  Judgment was entered on April 27, 2018.  [Id.].  The Petitioner did not file a direct appeal.  Instead, he timely filed the present motion to vacate under 28 U.S.C. § 2255.  [CV Doc. 1].

In his Motion to Vacate, the Petitioner contends that his counsel was ineffective because he failed to investigate and object to the PSR's inclusion of the Texas theft offense in the history of prior convictions.  The Petitioner further argues that counsel failed to properly advise him about pleading guilty in light of this alleged error in his criminal history.  In support of these arguments, the Petitioner submits copies of Texas state court documents

---

[2] The Court found that the Petitioner's advisory Guideline range was 121 to 151 months even though the statutory maximum sentence was 120 months.  Pursuant to U.S.S.G. 5G1.2(d), the Court found that the sentence in each count could be ordered to run consecutively, thereby surpassing the statutory maximum sentence of 120 months and allowing the Court to sentence the Petitioner within the applicable advisory Guideline range.

indicating that he pled guilty to unauthorized use of a motor vehicle, that he received a 12-month sentence for that conviction, and that the theft charge was dismissed. [CV Doc. 2-1 at 4, 6-7]. The Petitioner further relies on these documents to show that he served only 126 days for his unauthorized use of a motor vehicle conviction, not the full twelve months to which he was sentenced. The Petitioner contends that the inclusion of the dismissed theft charge and the reporting of his sentence as twelve months rather than only the 126 days he actually served resulted in the erroneous assignment of these two criminal history points. [CV Doc. 2-1 at 2].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In order to challenge a conviction based on the ineffective assistance of counsel, a petitioner has the burden of establishing that: (1) defense

counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) the petitioner suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

In order to establish prejudice, a petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In considering the prejudice prong, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If a petitioner fails to conclusively demonstrate prejudice, the Court need not consider the performance prong. United States v. Terry, 366 F.3d 312, 315 (4th Cir. 2004).

Here, the Plaintiff cannot demonstrate prejudice resulting from his attorney's performance. First, the inclusion of the dismissed Texas theft charge had no effect on the Petitioner's Guideline range or sentence. The Guidelines instruct the court to "[a]dd 2 points for each prior sentence of

5

imprisonment of at least sixty days" not counted under an earlier subsection. U.S.S.G. § 4A1.1(b). The state court documents submitted by the Petitioner clearly indicate that he received a sentence of twelve months for the offense of "unauthorized use of a motor vehicle." [Doc. 2-1 at 6].[3] Thus, the Petitioner would have earned the same two criminal history points, regardless of whether the theft offense was included in the PSR or not.

Any effort to correct the error that the Petitioner complains of would not have changed his criminal history score, his criminal history category or his advisory Guideline range. Thus, no "reasonable probability" exists that, had counsel further investigated and objected to the inclusion of the theft charge in his criminal history, the result of his sentencing "proceeding would have been different." Strickland, 466 U.S. at 694. Nor does he come close to establishing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1964 (2017). For all these reasons, the Court

---

[3] The Petitioner contends that he served only 126 days of this sentence, but this fact is of no moment. The criminal history points were properly assessed on the pronounced sentence of 12 months. See U.S.S.G. § 4A1.2 cmt. n.2 ("criminal history points are based on the sentence pronounced, not on the length of time actually served"). Regardless, the Petitioner concedes that he served at least 126 days for his conviction, well in excess of the sixty days required for the two points to be assessed under U.S.S.G. § 4A1.1(b).

concludes that the Petitioner's claims for ineffective assistance of counsel must be denied and dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the Petitioner's motion to vacate is denied and dismissed. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the motion to vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: March 30, 2020

Martin Reidinger
United States District Judge