IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00248-MR
(CRIMINAL CASE NO. 1:17-cr-00077-MR-WCM-1)

| | |
|---|---|
| CHARLES WILLIAM MEMSEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1].

**I.    BACKGROUND**

Petitioner pleaded guilty without the benefit of a plea agreement to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and one count of possession of a stolen firearm firearm and ammunition, in violation of 18 U.S.C. § 922(j) (Count Two).  [1:17-cr-00077-MR-1 (CR) Docs. 1, 30].  In a Judgment entered on April 27, 2018, the Court sentenced Petitioner to a term of

imprisonment of 72 months. [CR Doc. 43]. Petitioner did not file a direct appeal.

Petitioner filed a timely § 2255 Motion to Vacate, raising claims of ineffective assistance of counsel. [Civil Case No. 1:19-cv-00104-MR, Doc. 1]. The Court dismissed and denied the § 2255 Motion to Vacate on the merits. Memsen v. United States, 2020 WL 1542356 (W.D.N.C. March 31, 2020). Petitioner did not file an appeal.

Petitioner has now filed the instant § 2255 Motion to Vacate in which he seeks relief pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set

2

Case 1:17-cr-00077-MR-WCM   Document 48   Filed 09/21/20   Page 2 of 6

forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

As a preliminary matter, the § 2255 Motion to Vacate is insufficient to proceed because it was not signed under penalty of perjury. See 28 U.S.C. § 2255, foll. Rule 2(b)(5). There would be no purpose in affording Petitioner with the opportunity to correct this defect, however, because the Motion to Vacate is subject to dismissal for lack of jurisdiction.

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28

3

U.S.C. § 2255(h).  Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application.  See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015).  A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated."  United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Petitioner does not provide any indication that he has received authorization from the Fourth Circuit Court of Appeals to file this motion or that his claim was not previously ripe.  Instead, he argues that the present motion is not a second or successive motion under § 2255(h) because Rehaif is a new, retroactively-applicable Supreme Court case that rendered his guilty plea unconstitutional.  This claim falls squarely within § 2255(h)(2) and Petitioner must receive authorization from the Fourth Circuit before presenting the claim to this Court.  Accordingly, the Petitioner's motion is an unauthorized successive § 2255 Motion to Vacate and it will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is dismissed for lack of jurisdiction.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED**

5

Case 1:17-cr-00077-MR-WCM   Document 48   Filed 09/21/20   Page 5 of 6

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge