# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00077-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES WILLIAM MEMSEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release" [Doc. 49]. The Government opposes the Defendant's motion. [Doc. 52].

**I.    BACKGROUND**

In January 2018, the Defendant Charles William Memsen pled guilty to one count of possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and one count of possession of stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). [Doc. 30]. In April 2018, the Court sentenced him to 72 months of imprisonment. [Doc. 43]. The Defendant is currently housed at FCI

Cumberland, and his projected release date is August 7, 2022.[1] The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 49]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2020).

exhausted the necessary administrative remedies.  Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2]  See U.S.S.G. § 1B1.13.  As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.  See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

4

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant asserts that he has a number of health conditions—including Hepatitis C, gout, high blood pressure, and hypothyroidism—that place him at a higher risk for severe illness resulting from COVID-19. While the Court does not intend to diminish the seriousness

5

of the Defendant's conditions, the BOP medical records submitted by the Defendant indicate that these conditions are well-controlled by his current treatment regimen. Moreover, the Defendant has not shown that any of his conditions are terminal or substantially diminish his ability to provide self-care while in prison. [See Doc. 50-4: BOP Medical Records].

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the Defendant is housed in a facility that currently has no active coronavirus cases.[4]

As a basis for compassionate release, the Defendant also asserts the need to care for his wife, citing a history of her health issues and the fact that

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] See http://www.bop.gov/coronavirus/ (last visited Oct. 28, 2020).

6

she is battling lung cancer. [Doc. 50 at 2]. While the commentary to U.S.S.G. § 1B1.13 does allow for the consideration of family circumstances, the Defendant does not meet the criteria set under application note 1(C)(ii), which requires the incapacitation of the defendant's spouse when the defendant is the only available caregiver. In the present case, the medical records of Defendant's wife that he attached to his motion do not meet this standard. The records document a follow-up visit after a hernia repair and indicate that "[s]he is "doing great. Has no complaints and no pain. The seroma has resolved." [Doc. 50-2 at 2]. There are no other current medical conditions documented in this record or others. The Defendant's wife is apparently not housebound either, as the Defendant asserts that his wife has her own car and can pick him up from prison, an approximately seven-hour drive from her Newland, North Carolina residence. [See Doc. 49 at 2].

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to

public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's current sentence is sufficient but not greater than necessary given the nature of his criminal conduct and significant criminal history. The Defendant broke into a residence and stole the three firearms that formed the basis for his present conviction. Prior to this offense, the Defendant had accumulated a serious criminal history, including convictions for armed bank robbery (in which he threatened to detonate a bomb inside a bank), common law robbery, felony burning personal property, theft and unauthorized use of a motor vehicle, and eight counts of simple worthless check. [See Doc. 37: PSR at 8-11]. Notably, during the Defendant's last period of supervised release following his bank robbery conviction, the Defendant violated the terms of supervised release and served nine additional months of imprisonment. The need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to

8

promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes all militate against a reduced sentence in this case.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release" [Doc. 49] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 31, 2020

Martin Reidinger
Chief United States District Judge