# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00077-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES WILLIAM MEMSEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Urgent Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1) and Urgent Request for Appointment of Counsel" [Doc. 54]; the Government's Motion to Dismiss [Doc. 55]; and the Government's Motion to Seal Document Containing Medical Records [Doc. 57].

**I.    BACKGROUND**

The Defendant Charles William Memsen pled guilty to one count of possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). [Doc. 30]. In April 2018, he was sentenced to a total of 72 months' imprisonment. [Doc.

43]. The Defendant is currently housed at FCI Cumberland, with a projected release date of September 30, 2022.[1]

In September 2020, the Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing a number of health conditions which he contended increased his susceptibility to serious illness or death from COVID-19. [Doc. 49]. The Government conceded that the Defendant had exhausted the necessary administrative remedies but opposed his motion on the merits. [Doc. 52]. On November 2, 2020, the Court denied the Defendant's motion. [Doc. 53].

The Defendant now renews his request for compassionate release. [Doc. 54]. For grounds, the Defendant argues that "newly discovered evidence" has arisen concerning the handling of the COVID-19 pandemic by the Bureau of Prisons (BOP). [Id. at 1]. He further points to a new COVID-19 outbreak at his facility and his chronic health problems which, he contends, makes him particularly vulnerable to the virus. [Id. at 2]. Additionally, he argues that certain disparities in the application of

---

[1] See https://www.bop.gov/inmateloc/ (last visited May 9, 2022).

sentencing credits warrant a reduction in his sentence. [Id. at 13]. The Defendant also seeks the appointment of counsel. [Id. at 24].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Feb. 25, 2022]. The Government filed its Motion to Dismiss and Response, along with a Motion to Seal Medical Records on March 24, 2022. [Docs. 55, 57]. The Court gave the Defendant 30 days in which to respond to the Government's pleadings, but the Defendant failed to do so. [Text-Only Order entered Mar. 25, 2022]. This matter is now ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the Government. United

3

States v. Muhammad, 16 F. 4th 126, 130 (4th Cir. 2021).  Where, however, the Government raises the issue, the burden is on the Defendant to show that he has exhausted his administrative remedies with the BOP or that 30 days have passed since making his compassionate release request.  See United States v. Huitt, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021) (Cogburn, J.).

Here, the Government moves to dismiss the Defendant's motion on the ground that he failed to submit a request for relief to the Warden of FCI Cumberland prior to filing his second motion for compassionate release. [Doc. 55 at 6].  The Defendant concedes that he did not renew his request to the Warden, but he argues that because he previously received an adverse decision from the Warden, "he need not further exhaust his claim." [Doc. 54 at 5].

"The purpose of the statutorily-mandated exhaustion period is clear: to provide BOP with the first opportunity to evaluate a prisoner's request. Congress determined that BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modification of a term of imprisonment is appropriate."  United States v. Beahm, No. 1:05-CR-249, 2020 WL 4514590, at *1 (E.D. Va. Aug. 5, 2020).  Thus, successive motions

for compassionate release must independently satisfy the exhaustion requirement. Huitt, 2021 WL 2226486, at *2; United States v. Cain, No. 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (finding that a defendant's "one-time compliance with the exhaustion requirement . . . does not carry forward in perpetuity to all his subsequent compassionate release motions"). "Construing the exhaustion requirement as motion-specific is consistent with § 3582(c)(1)(A)'s plain language and statutory framework." Huitt, 2021 WL 2226486, at *2.

Here, the Defendant has failed to demonstrate that he has exhausted his administrative remedies with the BOP or that 30 days have passed since making a compassionate release request based on the grounds asserted in his present motion. Accordingly, the Defendant's motion for compassionate release is denied without prejudice.

### B. Motion for Appointment of Counsel

The Defendant moves for the appointment of counsel to represent him in connection with his motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339

F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's request for the appointment of counsel is denied.

### C. Motion to Seal Medical Records

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 56] filed in support of its Response to the Defendant's motion for compassionate release. [Doc. 57].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

6

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 24, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 55] is **GRANTED**, and the Defendant's "Urgent Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1) and Urgent Request for Appointment of Counsel" [Doc. 54] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Document Containing Medical Records [Doc. 57] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 56] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge